SLIP OPINION

Cite as 2017 Ark. 292

# SUPREME COURT OF ARKANSAS

No. CR-05-1183

| | |
|---|---|
| WALTER A. MCCULLOUGH<br>PETITIONER<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br><br>RESPONDENT | **Opinion Delivered:** October 26, 2017<br><br>PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT, NO. 16JCR-04-820]<br><br><br>PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Walter A. McCullough was convicted of committing a terrorist act and first degree battery in 2005 and brings his second pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. We deny his petition because it is without merit.

McCullough alleges again that the State, and his trial counsel, violated *Brady v. Maryland*, 373 U.S. 83 (1963), by threatening and intimidating material witnesses from testifying at trial, not revealing to the defense every person who was interviewed by the State, and encouraging witnesses to provide false testimony.

The petition for leave to proceed in the trial court is necessary because the judgment in McCullough's case was affirmed,[1] and the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id*. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

In making the determination of whether the writ should issue, we look to the reasonableness of the allegations in the petition and to the existence of the probability of truth thereof. *Id*. A writ of error coram nobis is an extraordinarily rare remedy and there

---

[1] *McCullough v. State*, CACR–05–1183 (Ark. App. Oct. 11, 2006) (unpublished).

SLIP OPINION

is a strong presumption that the judgment of conviction is valid. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000); *Westerman v. State*, 2015 Ark. 69, at 4, 456 S.W.3d 374, 376.

A *Brady* violation is a ground for issuance of the writ and is established when material evidence favorable to the defense is wrongfully withheld by the State. *Isom v. State*, 2015 Ark. 225, 462 S.W.3d 662. In *Strickler v. Greene*, 527 U.S. 263 (1999), the Supreme Court revisited *Brady* and declared that, when the petitioner contends that material evidence was not disclosed to the defense, the petitioner must show that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler*, 527 U.S. at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)). In *Strickler*, the Court also set out the three elements of a true *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Strickler*, 527 U.S. 263; *Howard*, 2012 Ark. 177, at 8, 403 S.W.3d at 45. Impeachment evidence that is material, as well as exculpatory evidence, falls within the *Brady* rule. *Bagley*, 473 U.S. at 676.

To support his claim he attaches the affidavit of Tonya R. Allen, the witness who was allegedly prevented from testifying at trial, as well as two affidavits that were brought in his first coram nobis proceeding in 2008.

Allen's affidavit was sworn May 5, 2017, and avers that she has knowledge of "witness threats & coercion and intimidation as to the prosecution team's tactics use [sic] to wrongfully and illegally convict Walter A. McCullough." She names two persons whose

testimony was allegedly suppressed but does not set out what testimony those persons would have given or the potential significance of that testimony. She also names two witnesses who testified at McCullough's trial who she alleges committed perjury. Allen further alleges, without factual substantiation, that she was "at arraignment as a witness," but could not testify because "they said I had a gun charge," and thus she was discredited as a witness even though the claim was false. Allen's affidavit does not state a ground for the writ because it contains no substantiation for the claim that the State suppressed the testimony of any potential witness. Such factual substantiation is required to establish a *Brady* violation. *Green v. State*, 2016 Ark. 386, at 7, 502 S.W.3d 524, 529.

The second affidavit, dated January 14, 2009, is that of Bobby Liles, who states that he originally intended to be a witness for McCullough's defense but changed his story and testified for the State after a jailer told him that McCullough had implicated Liles in a "host of crimes." Liles further accuses another witness for the State of having lied in his testimony. Liles states that he, too, gave false testimony in exchange for help from the State with his own criminal charges. The third affidavit, also dated January 14, 2009, is from James Lumley. Lumley avows that he was present when Liles signed his affidavit and can attest that Liles was not coerced into preparing his "affidavit of recantation." As stated, the affidavits of both Liles and Lumley were a part of the first coram nobis petition that McCullough filed in this court in 2008, which we previously addressed.[2]

---

[2] McCullough attached the affidavits to a supplement to the petition that he filed on January 26, 2009.

McCullough has not established a *Brady* violation. All the allegations are conclusory, without any factual basis, they are not sufficient to demonstrate that material evidence was withheld by the State in violation of *Brady*. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *See Cloird v. State*, 357 Ark. 446, 450, 182 S.W.3d 477, 479 (2004). McCullough has failed to establish that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had specific exculpatory evidence been disclosed at his trial.

Petition denied.