Cite as 2020 Ark. 305

# SUPREME COURT OF ARKANSAS

No. CR-95-975

| | | | |
|---|---|---|---|
| JIMMY DON WOOTEN | | Opinion Delivered: October 8, 2020 | |
| | PETITIONER | | |
| V. | | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE | |
| STATE OF ARKANSAS | | TRIAL COURT TO CONSIDER A | |
| | RESPONDENT | PETITION FOR WRIT OF ERROR CORAM NOBIS | |
| | | [POPE COUNTY CIRCUIT COURT, NO. 58CR-94-214] | |
| | | PETITION DENIED. | |

**JOHN DAN KEMP, Chief Justice**

Petitioner Jimmy Don Wooten brings this pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In his petition, Wooten primarily contends that the trial court was required to appoint two attorneys to serve as counsel during his trial pursuant to state and federal statutes. Wooten also appears to allege that the single attorney appointed to represent him was ineffective by failing to offer mitigating evidence during his trial that he was suffering from a mental disability when the crime was committed. Finally, Wooten contends that any lack of diligence in his bringing the petition was the result of his lifelong mental disability. Because we find that Wooten has not established grounds for the writ, we deny the petition.

I. *Facts*

Wooten was convicted of capital murder, criminal attempt to commit capital murder, and aggravated assault, and he was sentenced to death, thirty years, and six years, respectively. This court affirmed those convictions. *Wooten v. State*, 325 Ark. 510, 931 S.W.2d 408 (1996). Wooten subsequently filed a habeas petition in federal district court in which the issue of his mental disability was raised and, in support of the claim, presented evaluations by experts who opined that Wooten had a mental impairment that may have rendered Wooten incapable of forming the requisite intent. The federal district court rejected Wooten's claim for federal habeas relief, which was affirmed by the Eighth Circuit Court of Appeals. *Wooten v. Norris*, 578 F.3d 767 (8th Cir. 2009).

In 2010, this court granted Wooten's motion to recall the mandate and permitted Wooten to seek relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. *Wooten v. State*, 2010 Ark. 467, 370 S.W.3d 475, *overruled by Ward v. State*, 2015 Ark. 62, 455 S.W.3d 830.[1] As a result, Wooten's death sentence was modified to a term of life imprisonment without parole.

Thereafter, Wooten brought his first pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis wherein he contended that he suffered from a significant mental defect and trial counsel's failure to litigate this issue as a mitigation

---

[1]In a concurring opinion, Justice Brown noted that Wooten had made an extensive proffer of evidence including affidavits from both a psychiatrist and a psychologist detailing Wooten's traumatic childhood, his cognitive impairments, and his mental disability. *Wooten*, 2010 Ark. 467, at 12, 370 S.W.3d at 482 (Brown, J., concurring).

factor resulted in his sentence of life imprisonment without parole. *Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683. This court rejected Wooten's claims for relief on the basis that claims of ineffective assistance of counsel are not cognizable claims in coram nobis proceedings and because Wooten had failed to act with due diligence with respect to raising the mental-defect claim. *Id.*

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

III. *Claims for Relief*

Wooten's primary claim for relief is based on federal and state statutes that require the appointment of two attorneys in death-penalty cases. In support of his claim, Wooten cites Arkansas Code Annotated section 16-87-306 (Supp. 1997), and 18 U.S.C. § 3005. In addition, Wooten contends that the failure to appoint two attorneys violated his constitutional right to due process. Wooten's claim regarding the failure to appoint two attorneys fails for two reasons. First, the claim does not address an error that comes within the purview of coram nobis relief. Second, the Arkansas statute on which Wooten bases his claim was not in effect when Wooten committed the crime or when Wooten was tried and convicted in 1995 because section 16-87-306 was enacted by Act 788 of 1997. Furthermore, the requirement of two attorneys as set forth in section 3005 of the federal statute is purely a statutory requirement and does not embody a fundamental constitutional right. *United States v. Williams*, 544 F.2d 1215 (4th Cir. 1976). Thus, Wooten does not raise an issue involving the violation of a fundamental constitutional right, and the Arkansas statute that he relies on was not in effect when Wooten was tried.

This court rejected Wooten's claim in his first petition for coram nobis relief that trial counsel ineffectively failed to raise mental disability as a mitigating factor. *Wooten*, 2018 Ark. 198, 547 S.W.3d 683. In Wooten's second petition, he alleges that he was insane when he committed the crime due to his underlying posttraumatic stress disorder (PTSD), and because during the sentencing phase of the trial, the one attorney appointed to represent him failed to provide mitigation evidence of his traumatic childhood and mental disability. A successive application for coram nobis relief is an abuse of the writ if the petitioner alleges no fact sufficient to distinguish his or her claims in a successive petition from the claims in a prior petition. *Joiner*

*v. State*, 2020 Ark. 126, 596 S.W.3d 7. A court has the discretion to determine whether the renewal of a petitioner's application for the writ, even if there are additional facts presented in support of the same grounds, will be permitted. *Id.* Here, Wooten asserts in his statement of the underlying facts of the crime that he was insane when the crime was committed, but he does not base his claim for coram nobis relief on insanity; instead, he contends that his trial counsel failed to present mitigating evidence of his mental disability during sentencing. In sum, Wooten's allegations of mental disability do not contain additional facts sufficient to distinguish his current claims from those made in his previous petition and therefore represent an abuse of the writ. *Id.*

Wooten also focuses on the issue of mental disability as a "valid excuse" for the lack of due diligence in raising his claim for coram nobis relief. *See Carroll v. State*, 2020 Ark. 160 (stating that "[i]n the absence of a valid excuse for the delay in bringing a coram nobis petition, the petition can be denied on that basis alone"). The supporting bases for Wooten's claim that his mental impairment caused the delay in bringing his petition are statements of a fellow inmate that Wooten struggles with reading and writing, that he does not have an understanding of the law, and that Wooten was born prematurely, which contributed to his disability. Otherwise, there is no medical evidence presented in connection with this petition or with Wooten's previous petitions for postconviction relief that Wooten suffers from a mental disability of such a nature that he is unable to understand and conform to the rules of criminal procedure.

In Wooten's federal habeas action, the federal district court addressed the evidence presented regarding Wooten's mental impairments within the context of additional evidence of Wooten's life history and noted that "among other things, Wooten was able to hold several jobs,

including maintenance work and small vehicle repairs, graduate high school (albeit near the bottom of his class), attend college for two years, maintain his driver's license, and, apparently, operate an aircraft, having formerly owned a 'Beachcraft Skipper' airplane." *Wooten v. Norris*, No. 5:03 CV 00370 SWW, 2006 WL 2686925 FN7 (E.D. Ark. Sept. 19, 2006). Wooten's accomplishments in life as set forth by the federal district court and the absence of prior criminal records or prior mental-health hospitalizations belie Wooten's allegations that his mental disability is such that it prevented him from diligently pursuing his claims for coram nobis relief.

Petition denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** As I observed in *Wooten v. State*, 2018 Ark. 198, 547 S.W.3d 683, "Wooten allege[d] a perfectly viable basis for reinvesting jurisdiction in the trial court to consider the writ of error coram nobis[:]" insanity at the time of trial. The statutes cited in Wooten's instant petition may not have been in effect at the time of Wooten's trial, but as Wooten explains, only having one attorney contributed to his mental health problems never coming to the trial court's attention. Wooten has alleged facts outside the record that could have prevented rendition of judgment against him, and his allegation is no less deserving of a hearing now than it was the last time he presented it to this court. For that reason, I dissent.

*Jimmy Don Wooten*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.