Cite as 2020 Ark. 336

# SUPREME COURT OF ARKANSAS

No. CR-07-98

| | |
|---|---|
| RODNEY LEE MITCHAEL<br>PETITIONER | **Opinion Delivered:** October 15, 2020 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE PETITION FOR WRIT FOR HABEAS CORPUS, MOTION TO RECALL MANDATE TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, AND MOTION FOR JOINDER OF CLAIMS<br><br>CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-06-166]<br><br><u>PETITION FOR WRIT OF HABEAS CORPUS, MOTION TO RECALL THE MANDATE TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, AND MOTION FOR JOINDER OF CLAIMS DENIED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Rodney Lee Mitchael brings this pro se petition for writ of habeas corpus, motion to recall mandate[1] to reinvest jurisdiction in the trial court to file a petition for writ of error

---

[1]Although Mitchael titled his petition as a motion to recall the mandate to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, motions to recall the mandate and coram nobis proceedings are not interchangeable. Motions to recall

coram nobis, and motion for joinder of claims. In the petition and motion, Mitchael makes numerous allegations of trial court error and ineffective assistance of counsel. Because we find that Mitchael's claims do not establish grounds for the relief he seeks, the petition and motion are denied together with the motion for joinder of claims.

I. *Background*

A Crawford County Circuit Court jury convicted Mitchael of rape and terroristic threatening and sentenced him to 660 months' imprisonment on the rape charge and 120 months' imprisonment on the terroristic-threatening charge. A no-merit brief was filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Arkansas Court of Appeals affirmed. *Mitchael v. State*, No. CR-07-98 (Ark. Ct. App. Jan. 16, 2008). A review of the record[2] reflects that the two victims, aged ten and twelve, testified at trial and identified Mitchael as the assailant, semen recovered from the crime scene matched Mitchael's DNA profile, and Mitchael admitted his guilt to investigators and during testimony at trial.

II. *Petition for Writ of Habeas Corpus*

---

the mandate are applicable to redress errors in the appellate process—meaning an error this court made or overlooked while reviewing a case in which the death penalty was imposed. *See Ward v. State*, 2015 Ark. 61, 455 S.W.3d 818. The death penalty was not imposed in Mitchael's case, and Mitchael has failed to allege extraordinary circumstances that would permit reopening the case by recalling the mandate in his direct appeal. *See Barnett v. State*, 2020 Ark. 222, 601 S.W.3d 409.

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without the need to supplement the record. *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120.

Mitchael has filed his petition for a writ of habeas corpus directly in this court rather than first proceeding in the circuit court in the county where he is incarcerated. The habeas corpus statute allows members of this court to issue the writ upon proper application and further provides that the power of this court to issue writs of habeas corpus shall be coextensive with the circuit courts. Ark. Code Ann. § 16-112-102(a)(1) (Repl. 2016). However, this court can require such petitions to be filed first in the circuit court rather than directly in this court. This court's long-standing policy has been to require incarcerated petitioners to address their habeas petitions to the circuit court because the circuit court is able to immediately hold any hearing that is necessary to determine any material facts in issue. Consequently, Mitchael must first file his petition for a writ of habeas corpus in the circuit court in the county where he is incarcerated and may appeal any adverse decision to this court.

III. *Nature of the Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can only entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal if we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which,

through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

IV. *Grounds for the Writ of Error Coram Nobis*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

V. *Claims for Relief*

Mitchael makes the following claims for coram nobis relief: (1) he was illegally interrogated, the waiver of rights was falsified, and counsel ineffectively failed to file a motion to suppress his statement to investigators; (2) the victim was allowed to remain in the courtroom during the course of trial in violation of the rule; (3) DNA evidence was illegally obtained, and counsel failed to move to suppress it; (4) counsel ineffectively failed to object to the prosecutor's use of his prior convictions during closing argument; (5) he was not

4

convicted of more than four felonies because his prior convictions in Sebastian County represented one conviction for multiple offenses;[3] (6) counsel was ineffective for filing a no-merit brief; (7) counsel forced him to testify, which led to the admission of his past criminal history; (8) the prosecutor made inappropriate comments during closing argument, and counsel failed to object; and (9) the sentence was excessive and was based on an improper jury instruction regarding the number of Mitchael's prior felony convictions.

Mitchael does not satisfy any ground for granting the writ because he does not allege that there was any evidence extrinsic to the record that was hidden from the defense or that was unknown at the time of trial. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771. Additionally, Mitchael fails to offer facts sufficient to warrant granting leave to proceed in the trial court for the writ. The application for coram nobis relief must make full disclosure of specific facts relied on as the basis for the writ. *McCullough*, 2017 Ark. 292, 528 S.W.3d 833. Mitchael's allegations are conclusory, and he does not offer factual support for his claims. We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Joiner v. State*, 2020 Ark. 126, 596 S.W.3d 7. Finally, Mitchael's claims for relief are not cognizable in coram nobis proceedings.

Mitchael's claims that counsel was ineffective are not grounds for the writ. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective

---

[3]Mitchael's reliance on our holding in *Tackett v. State*, 298 Ark. 20, 766 S.W.2d 410 (1989), for the proposition that multiple offenses within one prior conviction cannot be separately used for purposes of enhancing a sentence under the habitual-offender statute is misplaced. *See Smith v. State*, 351 Ark. 468, 95 S.W.3d 801 (2003).

assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *McCullough v. State*, 2020 Ark. 49. Mitchael's additional claims are also not grounds for issuance of the writ. Assertions of trial error that could have been raised at trial are not within the purview of a coram nobis proceeding. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. Assertions of prosecutorial misconduct during closing argument also could have been raised at trial and are not allegations of material evidence that was withheld by the prosecutor. *Martinez-Marmol v. State*, 2018 Ark. 273, 544 S.W.3d 49. Mitchael's claim regarding his excessive and erroneous habitual-offender sentence represents a claim that his sentence was illegal or illegally imposed. A writ of error coram nobis is not the proper remedy to challenge an allegedly illegal sentence. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554.

Petition for writ of habeas corpus, motion to recall the mandate to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, and motion for joinder of claims denied.

*Rodney Lee Mitchael*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.