Cite as 2020 Ark. 333

# SUPREME COURT OF ARKANSAS

No. CR-18-546

| | |
|---|---|
| KWASI MCKINNEY <br><br> PETITIONER <br><br> V. <br><br> STATE OF ARKANSAS <br><br> RESPONDENT | Opinion Delivered: October 15, 2020 <br><br> PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS AND MOTION TO AMEND PETITION [COLUMBIA COUNTY CIRCUIT COURT, NO. 14CR-16-35] <br><br> MOTION TO AMEND PETITION GRANTED; PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Kwasi McKinney brings this pro se petition to reinvest jurisdiction in the trial court to allow him to file a petition for writ of error coram nobis in his criminal case. He has also filed a motion to amend the petition, which we grant.

In the petition and amendment to it, McKinney alleges that the writ should issue because the prosecution withheld exculpatory and mitigating evidence pertaining to his custodial statement. Because the claim fails to establish cause to permit McKinney to proceed in the trial court with a coram nobis petition, the petition is denied.

I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on

appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Background*

In 2016, McKinney was convicted of multiple drug-related offenses and sentenced to

an aggregate 1848 months' imprisonment.[1] In 2018, the court of appeals affirmed McKinney's convictions for delivery and possession of methamphetamine. *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216. The court of appeals reversed and remanded the remaining judgments, holding that the trial court had abused its discretion in denying McKinney's motions to suppress his statement and the search of his house and in denying his request for a hearing on his motion to suppress his statement. After the remand was completed, the trial court entered orders denying McKinney's motion to suppress statement, his motion to suppress search, and his motion for the trial court to recuse itself. On appeal, the court of appeals affirmed all the orders. *McKinney v. State*, 2019 Ark. App. 347, 583 S.W.3d 399.

IV. *Custodial Statement*

McKinney argues that (1) his custodial statement was illegally obtained; (2) the trial court overruled his objection to the statement played in the remand proceeding on the ground that it was not the same statement played at trial; (3) the statement submitted to the jury at trial was edited and altered; (4) he was coerced into giving the statement "under the influence of leniency" that was ultimately not extended to him; and (5) the jury was deprived of hearing the full statement. McKinney contends that the prosecution's action with respect to the statement violated *Brady v. Maryland*, 373 U.S. 83 (1963).

---

[1]McKinney was found guilty of delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons.

To show that the State wrongfully withheld evidence from the defense and to establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Makkali v. State*, 2019 Ark. 17, 565 S.W.3d 472. The mere fact that a petitioner alleges a *Brady* violation is not a sufficient basis for error coram nobis relief. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767; *see also Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (a mere naked allegation that a constitutional right has been invaded will not suffice to warrant issuance of the writ).

Factual substantiation is required to establish a *Brady* violation. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833. McKinney offers no facts from which it can be determined that the State concealed any information from the defense that resulted in a fundamental error of fact extrinsic to the record having been concealed from the defense. *Williams v. State*, 2017 Ark. 313, 530 S.W.3d 844. The petitioner in a coram nobis proceeding must establish that the judgment being challenged was rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. McKinney has not met that burden.

The custodial-statement issues raised by McKinney were either raised to the trial court or could have been raised there. The court's denial of McKinney's motions challenging the

statement does not constitute a *Brady* violation. A coram nobis action is not a means to retry the petitioner's case. *Hutcherson v. State*, 2019 Ark. 318, 587 S.W.3d 204.

Motion to amend petition granted; petition denied.

*Kwasi A. McKinney*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.