Cite as 2020 Ark. 386

# SUPREME COURT OF ARKANSAS

No. CR-20-197

DUSTEN BLAKE WARD

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered December 3, 2020

PRO SE APPEAL FROM THE BENTON COUNTY CIRCUIT COURT; MOTION TO FILE SUPPLEMENTAL BRIEF; MOTION TO REINVEST JURISDICTION IN THE TRIAL COURT [NO. 04CR-17-2118]

HONORABLE BRADLEY LEWIS KARREN, JUDGE

AFFIRMED; MOTIONS DENIED.

**JOHN DAN KEMP, Chief Justice**

Appellant Dusten Blake Ward appeals the Benton County Circuit Court's order denying his pro se petition for writ of error coram nobis. He has also filed motions to supplement his brief and reinvest jurisdiction in the circuit court. In the petition filed below, Ward primarily alleged that his plea was coerced in that his counsel colluded with the prosecution to mislead him regarding the length of the sentences imposed for the offenses to which he pleaded guilty. The circuit court denied the petition, finding that it represented an untimely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2019). We deny Ward's motions and affirm the circuit court's denial of his petition for writ of error coram nobis.

I. *Motions*

We first address Ward's motions. Ward filed his brief-in-chief on April 30, 2020, and the State filed its brief on June 4, 2020. Ward's reply brief was due fifteen days later, on June 19. On October 8, Ward attempted to file an untimely motion for extension to file a reply brief, which was returned to him. On October 20, Ward filed the pending motion to file a supplemental brief asking this court to allow him to file a substituted brief-in-chief that would expand on an issue that Ward admits he had failed to fully explain in his argument on appeal. Ward attached to his motion a substituted brief that has been tendered to this court.[1] Ward's motion to supplement his brief is untimely and is denied. *Martz v. Felts*, 2019 Ark. 297, 585 S.W.3d 675.

---

[1]Ward alleges in his motion to file a substituted brief that the issue he failed to fully explain involved a claim of "withheld evidence" that Ward alleges was raised in the petition filed below. According to Ward, although he focused on the issue of his coerced guilty plea in his argument on appeal, the issue of withheld evidence "relates back" to his circuit court petition that included an attached letter from the victim retracting statements she made to investigators and prosecutors. The letter is undated but was notarized on the same day that Ward entered his plea. Ward's arguments in the petition filed in the circuit court with respect to this alleged withheld evidence are unclear and appear to focus on mitigation rather than guilt. Accordingly, the circuit court did not address the issue in its order denying relief. We have said on numerous occasions that the failure to obtain a ruling below bars review of the issue on appeal. *Brown v. State*, 2017 Ark. 364. Furthermore, the record on appeal includes the hearing transcript of Ward's plea. At that hearing, the victim was called by Ward's trial counsel to testify at Ward's plea hearing in which she asked the circuit court to withdraw the no-contact order and substitute it with a no-violence order. The victim did not retract her statements at that hearing and apparently did not raise to Ward's trial counsel the concerns raised in the letter.

On November 17, Ward filed a motion to reinvest jurisdiction in the trial court in which he asks this court to remand the matter to the trial court so that he could raise and develop the issue of "withheld evidence" there.[2] Ward's motion to reinvest jurisdiction in the trial court to raise an issue that was not properly raised or considered by that court is likewise denied.

## II. *Facts*

In 2018, Ward entered a negotiated plea of guilty to second-degree battery, aggravated assault on a household member, and aggravated cruelty to a dog. At the same time, Ward also pleaded guilty to violating the terms of his probation in connection with his convictions in 2013 for two counts of possession of a controlled substance with intent to deliver and three counts of possession of drug paraphernalia. Ward was sentenced to an aggregate term of 300 months' imprisonment followed by a 180-month suspended imposition of sentence.

## III. *Writ of Error Coram Nobis*

The standard of review for an order on a petition for writ of error coram nobis is abuse of discretion in granting or denying the writ. *Pitts v. State*, 2020 Ark. 7, 591 S.W.3d 786. An abuse of discretion occurs when the circuit court acts arbitrarily or groundlessly. *Id.* There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition were groundless. *Osburn v. State*, 2018 Ark. 341, 560 S.W.3d 774.

---

[2] In his motion to reinvest jurisdiction in the trial court, Ward again attempts to raise the issue of "withheld evidence" with respect to his error coram nobis petition. In this motion, however, Ward requests that the appeal in this matter be remanded to the trial court for a hearing and a ruling on the issue.

A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the circuit court and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Dednam v. State*, 2019 Ark. 8, 564 S.W.3d 259. A writ of error coram nobis is available to address certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. Error coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

IV. *Claims for Coram Nobis Relief*

Ward contended in his coram nobis petition filed in the circuit court—and reiterates his arguments on appeal—that his counsel conspired with the prosecutor to mislead Ward with respect to the sentences for the offenses to which he agreed to plead guilty and that his trial counsel acted in bad faith. According to Ward, he was misled into believing that the sentences imposed after he pleaded guilty would correspond to the presumptive sentences

4

for those offenses. Ward points to the sentencing order that reflects an upward departure from the presumptive sentence for each offense. Ward further alleges that his counsel allowed the prosecutor to use invalid aggravating factors to increase his sentences, including his previous convictions for felony offenses. Ward alleges that due to the errors of counsel, his plea was not knowingly and voluntarily made. Finally, Ward argues on appeal that the circuit court erred by treating his coram nobis petition as a Rule 37.1 petition.

To prevail on a claim that a writ of error coram nobis is warranted because a plea was coerced, the petitioner bears the burden of establishing that the plea was the result of fear, duress, or threats of mob violence as previously recognized by this court as grounds for a finding of coercion. *Hall v. State*, 2018 Ark. 319, 558 S.W.3d 867. Ward offers no evidence that his plea was the result of duress or threats of mob violence.

A petitioner's allegation that he or she was under duress when the plea of guilty was entered by virtue of improvident advice from counsel constitutes an allegation of ineffective assistance of counsel with the underlying claim that the plea was not entered intelligently and voluntarily because of the advice provided by counsel. *Pugh v. State*, 2019 Ark. 319, 587 S.W.3d 198. Poor legal advice from counsel does not constitute a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *Id.* Error coram nobis proceedings are not a substitute for proceeding under Rule 37.1 to challenge the validity of a guilty plea, nor are the two proceedings interchangeable. *Nelson*, 2014 Ark. 91, 431 S.W.3d 852. The allegations raised by Ward with respect to the voluntary nature of his guilty plea can only be

5

brought pursuant to Arkansas Rule of Criminal Procedure 37.1, not in a petition for writ of error coram nobis. *Griffin v. State*, 2018 Ark. 10, 535 S.W.3d 26.

The circuit court's ruling that Ward's allegations should have been raised in a timely petition under Rule 37.1 is a correct statement of law. *Jefferson v. State*, 2019 Ark. 408, 591 S.W.3d 310. The circuit court did not abuse its discretion when it treated Ward's petition as an untimely Rule 37.1 petition and denied it because the grounds raised in the petition are distinctly covered by that Rule.

Affirmed; motions denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent. The mere fact that Ward's allegations might state a claim for relief under Rule 37.1 does not preclude a potential claim for error coram nobis relief.

Ward filed an error coram nobis petition in the circuit court alleging that his trial attorney conspired with the prosecutor to mislead Ward into pleading guilty to crimes for which he should not have pled guilty, i.e., a coerced guilty plea. The circuit court dismissed Ward's petition without a hearing, stating that Ward was actually arguing ineffective assistance of counsel and that this claim was time-barred under Rule 37 of the Arkansas Rules of Criminal Procedure. While it is true that Ward's allegations could sound in terms of ineffective assistance of counsel and that such claims are traditionally assessed under Rule 37.1, these allegations could also sound in terms of a coerced guilty plea, which is one of the grounds this court acknowledges for the writ of error coram nobis. *See, e.g., **Howard v. State**,*

6

2012 Ark. 177, 403 S.W.3d 38. Rule 37 contemplates a time limit for filing a petition, but our error coram nobis jurisprudence does not. *See, e.g.*, *State v. Larimore*, 341 Ark. 397, 400, 17 S.W.3d 87, 89 (2000) (noting that "the time limits of a Rule 37 petition are not applicable to a writ of error coram nobis"). Superimposing Rule 37's timing requirements onto Ward's petition improperly limits the extraordinary writ of error coram nobis, and this court should reverse the circuit court's decision to do so here.

I dissent.

*Dusten Ward*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.