Cite as 2021 Ark. 13

# SUPREME COURT OF ARKANSAS
**No**. CR-04-18

| | |
|---|---|
| DELARRON WASHINGTON PETITIONER | **Opinion Delivered** February 4, 2021 |
| V. | |
| STATE OF ARKANSAS RESPONDENT | PRO SE THIRD PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS [UNION COUNTY CIRCUIT COURT, NO. 70CR-02-487] |
| | PETITION DENIED. |

**JOHN DAN KEMP, Chief Justice**

Petitioner DeLarron Washington brings this pro se third petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. Washington alleges that his trial counsel's license was suspended during the course of his criminal trial, and he was therefore deprived of counsel in violation of his right to due process. Washington's claim about his trial counsel's suspended license and his deprivation of counsel as a result has been raised in previous petitions and rejected by this court. Accordingly, we deny the petition.

## I. *Background*

Washington was charged with, and convicted of, residential burglary, first-degree battery, and aggravated robbery, and he was sentenced to an aggregate term of 480 months'

imprisonment. The court of appeals affirmed. *Washington v. State*, No. CR04-18 (Ark. App. Oct. 27, 2004) (unpublished) (original docket number CACR–04–18).

In 2008, Washington filed his first petition for coram nobis relief and contended that trial counsel, Don Gillaspie, was not a licensed attorney at the time of Washington's criminal trial, and he was therefore deprived of a fair trial. Washington further alleged that both the trial court and the prosecution knew that Gillaspie's license had been suspended, although Washington was not aware of it at the time of his trial. We rejected Washington's argument, finding that even though Washington had attempted to couch his claim as one of prosecutorial misconduct, it was, in fact, an ineffective-assistance-of-counsel claim, which is not a ground to grant a writ of error coram nobis. *Washington v. State*, No. CR 04-18 (Ark. May 8, 2008) (unpublished per curiam) (original docket number CACR–04–18).

In his second petition for coram nobis relief, Washington again raised the claim that he was denied effective assistance of counsel because Gillaspie's license had been suspended at the time of trial. Washington also alleged that the trial court was aware of the suspension at the relevant time, and the trial judge violated his oath of office by permitting Gillaspie to represent Washington. *Washington v. State*, 2014 Ark. 370, 439 S.W.3d 686. Washington's claim was rejected for a second time because it was an ineffective-assistance-of-counsel claim that was not cognizable in coram nobis proceedings. *Id.*

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A

2

writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id*. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

### III. *Grounds for Relief*

In this third coram nobis petition, Washington reasserts his claim that he was deprived of counsel during his criminal trial because his trial counsel's license was suspended at the time of trial.[1] A successive application for coram nobis relief is an abuse of the writ if

---

[1]Washington also asserts that the criminal justice coordinator's office erroneously returned his petition for a writ of certiorari alleging the same claim as that set forth in his petition for coram nobis relief. He is mistaken. We have made clear that certiorari will not be used for the correction of trial error when the pursuit of other remedies has been lost

3

the petitioner alleges no fact sufficient to distinguish his or her claims in a successive petition from the claims in a prior petition. *Wooten v. State*, 2020 Ark. 305, 608 S.W.3d 565. A court has the discretion to determine whether the renewal of a petitioner's application for the writ, even if there are additional facts presented in support of the same grounds, will be permitted. *Id.*, 608 S.W.3d 565.

Here, Washington alleges for the third time that he is entitled to coram nobis relief based on an ineffective-assistance-of-counsel claim. Washington's allegation that he was deprived of a fair trial because his attorney was not licensed does not contain additional facts sufficient to distinguish his current claim from those made in his previous petitions. *Id.*, 608 S.W.3d 565  Washington's pro se third petition for coram nobis relief is an abuse of the writ. *Id.*, 608 S.W.3d 565.

Petition denied.

*DeLarron Washington*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Jacob Jones* , Ass't Att'y Gen., for respondent.

---

due to the fault of the petitioner. *Lukach v. State*, 2020 Ark. 175. Washington's remedy for his ineffective-assistance-of-counsel claim was to file a timely postconviction petition pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. Washington failed to pursue that remedy.