Cite as 2021 Ark. 84

# SUPREME COURT OF ARKANSAS
No. CR-98-1452

| | | |
|---|---|---|
| ELGIN KING | | **Opinion Delivered:** April 15, 2021 |
| | PETITIONER | |
| V. | | PETITION TO REINVEST |
| | | JURISDICTION IN THE TRIAL |
| STATE OF ARKANSAS | | COURT TO CONSIDER A PETITION |
| | RESPONDENT | FOR WRIT OF ERROR CORAM NOBIS |
| | | [PULASKI COUNTY CIRCUIT COURT, |
| | | NO. 60CR-93-2979] |
| | | |
| | | PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Elgin King brings this pro se petition to reinvest jurisdiction in the circuit court to consider a petition for writ of error coram nobis. In his petition, King contends that after this court reversed his first conviction, the prosecutor vindictively amended the information to add a habitual-offender charge and, as a result, his sentence was significantly increased in violation of his right to due process. Because King fails to allege cognizable grounds for the issuance of a writ of error coram nobis, the petition is denied.

## I. *Background*

King and Kenneth Slocum were charged by felony information with the capital murder of Willie Simpkins. The cases were severed, and King was tried by a jury and convicted of the lesser-included offense of first-degree murder. He was sentenced to forty years imprisonment. We reversed the first conviction on the basis that the circuit court failed

to instruct the jury on a witness's status as an accomplice. *King v. State*, 323 Ark. 671, 916 S.W.2d 732 (1996). After King's criminal case was reversed and remanded, the prosecutor added a habitual-offender charge to the information due to King's convictions for the offenses of burglary and theft committed before he was charged with Simpkins's murder. In King's second trial, the jury once again convicted him of first-degree murder and sentenced King to sixty years imprisonment due to King's habitual-offender status. We affirmed. *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999).

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the circuit court is necessary because the circuit court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *Id*. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure

of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

III. *Claims for Relief*

King contends that the prosecutor added the habitual-offender charge out of vindictiveness because King appealed his initial conviction and because King refused to enter a guilty plea. King relies on this court's holding in *Gardner v. State*, 332 Ark. 33, 963 S.W.2d 590 (1998), which followed United States Supreme Court precedent and explained that when, following an appeal, the prosecutor substitutes a more serious charge for the original charge that subjects the defendant to a significantly increased period of incarceration, a rebuttable presumption of vindictiveness arises and creates a due-process issue.

King also asserts that the prosecutor alleged King had committed two prior felonies of burglary and theft. King alleges that convictions of burglary and theft represented only one prior felony conviction rather than separate convictions. Accordingly, King contends that his sentence of sixty years is illegal because one prior felony conviction would not have increased the sentence under Arkansas Code Annotated section 5-4-501(a)(1) (Repl. 1993).

Assertions of prosecutorial misconduct that could have been raised during trial are not allegations of material evidence withheld by the prosecutor and therefore are not claims that fall within the purview of coram nobis relief. *Mitchael v. State*, 2020 Ark. 336. King attached to his petition a motion filed by counsel before his second trial that sought to quash the habitual-offender charge on the basis that the prosecutor had failed to include the habitual-offender charge in the initial information and presented no evidence of his prior

3

felony record at trial. The circuit court denied this motion, the circuit court's order was not challenged, and the issue was not raised in King's second appeal. *See King*, 338 Ark. 591, 999 S.W.2d 183. The issue surrounding the habitual-offender charge was not extrinsic to the record, and King is foreclosed from raising this issue over twenty years after his second trial and conviction and its affirmance on appeal. Moreover, King's claim regarding an excessive and erroneous habitual-offender sentence represents a claim that the sentence was illegal or illegally imposed. *Mitchael*, 2020 Ark. 336 (citing *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554). A writ of error coram nobis is not the proper remedy to challenge an allegedly illegal sentence. *See id.*

Petition denied.

*Elgin King*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Sr. Ass't Att'y Gen., for respondent.