Cite as 2021 Ark. 111

# SUPREME COURT OF ARKANSAS
No. CR–09–255

| | |
|---|---|
| SCORPIO LARON CARROLL | **Opinion Delivered** May 13, 2021 |
| PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| V. | [PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION, NO. 60CR-08-1809] |
| STATE OF ARKANSAS | |
| RESPONDENT | |
| | <u>PETITION DENIED</u>. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Scorpio Laron Carroll was convicted by a Pulaski County jury of first-degree murder in the shooting death of Louis "Lou Dog" Wilby and was sentenced to 540 months' imprisonment. The court of appeals affirmed Carroll's conviction and sentence. *Carroll v. State*, 2009 Ark. App. 610. Carroll now brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends that there were clerical errors, mistakes in the process of notice and pleadings, and events outside the courtroom that affected the reliability of the proceedings within the courtroom. Because none of Carroll's claims establish a ground for the writ, the petition is denied.

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397,

17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. This court is not required to accept at face value the allegations in a petition for writ of error coram nobis. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.*

Although Carroll contends there were clerical errors, mistakes in the process of notice and pleadings, and events outside the courtroom that affected the reliability of the proceedings within the courtroom, his vague contentions are conclusory. Carroll fails to offer facts sufficient to warrant granting leave to proceed in the trial court for the writ. *See Mitchael v. State*, 2020 Ark. 336. The application for coram nobis relief must make a full disclosure of specific facts relied on as the basis for the writ. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833. Carroll fails to offer any factual substantiation for his claims. And we are not required to accept at face value the allegations in a petition for writ of error coram nobis. *Jackson*, 2017 Ark. 195, 520 S.W.3d 242.

Petition denied.

*Scorpio Laron Carroll*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for respondent.