Cite as 2021 Ark. 176

# SUPREME COURT OF ARKANSAS

No. CR–08–616

| | |
|---|---|
| WALTER J. SIMS, JR.<br>PETITIONER | **Opinion Delivered:** October 14, 2021 |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION FOR APPOINTMENT OF COUNSEL [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CR-05-937] |
| | PETITION DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT. |

**KAREN R. BAKER, Associate Justice**

Petitioner Walter J. Sims, Jr., brings this pro se second petition to reinvest jurisdiction in the trial court to allow him to file a petition for writ of error coram nobis in his criminal case. He also asks that counsel be appointed to represent him in the trial court. Because Sims fails to state a ground on which the writ can issue, the petition is denied, and the motion for appointment of counsel is moot.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397,

17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Washington v. State*, 2021 Ark. 13, 614 S.W.3d 817. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Ward v. State*, 2020 Ark. 386, 611 S.W.3d 182. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Background*

In 2008, a jury found Sims and a codefendant guilty of first-degree murder. He was sentenced as a habitual offender to 600 months' imprisonment. The Arkansas Court of Appeals affirmed. *Strain v. State*, 2009 Ark. App. 99. In 2012, Sims filed in this court a petition to reinvest jurisdiction in the trial court to consider a writ of error coram nobis, arguing that the evidence in his case was not sufficient to sustain the judgment. Because the

sufficiency-of-the-evidence issue is not cognizable in a coram nobis petition, the petition was denied. *Sims v. State*, 2012 Ark. 458 (per curiam).

IV. *Claims for Relief*

In this second petition, Sims contends that he was denied effective assistance of counsel both at trial and on direct appeal. The allegation does not constitute a ground for the writ. *Jones v. State*, 2019 Ark. 109, 571 S.W.3d 13. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Williamson v. State*, 2020 Ark. 319, 608 S.W.3d 149.

Sims further asserts that the trial court erred in sentencing him as a habitual offender. He bases the claim on the contention that his prior conviction for second-degree battery did not constitute a prior conviction for a violent offense, and thus he was illegally sentenced.

The allegation also falls outside the purview of a coram nobis proceeding. Coram nobis is not the proper remedy to challenge an allegedly illegal sentence. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. We have held that a petitioner's claim that his habitual-offender sentence was illegal or illegally imposed is not a ground for coram nobis relief. *Mitchael v. State*, 2020 Ark. 336. There can be no doubt that Sims was aware at the time of trial that he was being charged as a habitual offender and was aware of any prior judgment that was the basis for the charge. The issue surrounding the habitual-offender charge was not extrinsic to the record, and if there had been an issue to be raised, it could have been raised at trial.

3

*King v. State*, 2021 Ark. 84 (holding that the petitioner was foreclosed from raising an issue pertaining to the habitual-offender charge as a ground for the writ).

As stated, the petitioner in a coram nobis proceeding must establish that the judgment being challenged was rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *McKinney v. State*, 2020 Ark. 333, 608 S.W.3d 156; *see also Jones v. State*, 2020 Ark. 338, 609 S.W.3d 375 (holding that the burden of demonstrating fundamental error of fact extrinsic to the record as a ground for the writ rests on the petitioner). Sims has not met that burden.

Petition denied; motion for appointment of counsel moot.