Cite as 2022 Ark. 18

# SUPREME COURT OF ARKANSAS
No. CR-04-632

| | | |
|---|---|---|
| DOYLE JONES | | **Opinion Delivered:** February 3, 2022 |
| | PETITIONER | |
| V. | | |
| | | PRO SE PETITION TO REINVEST |
| STATE OF ARKANSAS | | JURISDICTION IN THE TRIAL |
| | RESPONDENT | COURT TO CONSIDER A PETITION |
| | | FOR WRIT OF ERROR CORAM NOBIS |
| | | [WASHINGTON COUNTY CIRCUIT |
| | | COURT, NO. 72CR-03-850A] |
| | | |
| | | PETITION DENIED. |

**SHAWN A. WOMACK, Associate Justice**

Doyle Jones petitions this court to reinvest jurisdiction in the circuit court to allow him to file a petition for writ of error coram nobis. Because Jones fails to state a ground on which the writ can issue, the petition is denied.

I.

A Washington County jury convicted Jones of arson in December 2003. He was sentenced as a habitual offender to 480 months' imprisonment. The Arkansas Court of Appeals affirmed his conviction in an unpublished opinion. *Jones v. State*, CACR-04-632 (Ark. App. March 16, 2005). Jones now claims the record contains misinformation concerning two prior convictions that have affected his eligibility for parole. These two convictions were in 1973 and 1974 and factored into his designation as a Level 3 sex offender

by the Arkansas Department of Correction Sex Offender Screening and Risk Assessment Committee.[1]

II.

The petition for leave to proceed in the trial court is necessary because the circuit court can only entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal with this court's permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Washington v. State*, 2021 Ark. 13, 614 S.W.3d 817. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had the circuit court known about it and that, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Ward v. State*, 2020 Ark. 386, 611 S.W.3d

---

[1]In 2013, Jones filed a petition for declaratory and judicial review in the Jefferson County Circuit Court challenging the Sex Offender Screening and Risk Assessment Committee's designation that was dismissed as untimely. Jones appealed to this court, and the appeal was dismissed. *Jones v. Ark. Dep't of Corr. Sex Offender Screening & Assessment Comm.*, 2014 Ark. 135 (per curiam).

182. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

Because Jones does not allege any recognized reason for coram nobis relief, his petition is outside the purview of a coram nobis proceeding. Moreover, the claim does not directly pertain to the 2004 arson conviction. But even if the parole claim concerned Jones's conviction for arson in 2004, claims regarding parole-eligibility status do not demonstrate a fundamental error of fact extrinsic to the record and, consequently, do not fit within one of the categories eligible for coram nobis relief. *Jefferson v. State*, 2019 Ark. 408, 591 S.W.3d 310.

Petition denied.

*Doyle Anthony Jones*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for respondent.