Cite as 2021 Ark. 198

# SUPREME COURT OF ARKANSAS

No. CR-05-1407

|  |  |
|---|---|
| | **Opinion Delivered:** October 28, 2021 |
| CHRISTOPHER NEWTON WHITE<br>PETITIONER | PRO SE SECOND PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS |
| V. | |
| STATE OF ARKANSAS<br>RESPONDENT | [BENTON COUNTY CIRCUIT COURT, NO. 04CR-03-1001] |
| | <u>PETITION DENIED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Christopher Newton White brings this pro se second petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, White contends that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), primarily with respect to (1) evidence that was ruled inadmissible by the trial court pursuant to the Arkansas Rules of Evidence and the rape-shield statute, codified at Arkansas Code Annotated section 16-42-101 (Supp. 2021); and (2) a discovery violation. White further challenges the evidence supporting his conviction and alleges trial court error. Because we find that White has failed to demonstrate a *Brady* violation or to otherwise establish sufficient grounds for issuance of the writ, the petition is denied.

I. *Background*

A jury convicted White in 2005 of two counts of the rape of his biological daughters, AAW and ANW, from 1999 through 2002. White was sentenced to an aggregate term of 420 months' imprisonment. This court affirmed. *White v. State*, 367 Ark. 595, 242 S.W.3d 240 (2006). On direct appeal, White challenged the sufficiency of the evidence supporting his conviction, the trial court's exclusion of evidence pursuant to the rape-shield statute, the trial court's exclusion of the testimony of a defense expert, the exclusion of certain medical testimony in accordance with Arkansas Rule of Evidence 503, and the admission of witness testimony under the pedophile exception to Arkansas Rule of Evidence 404. We found that White's conviction was supported by sufficient evidence and affirmed the trial court's evidentiary rulings. *Id.* at 599–609, 242 S.W.3d at 245–252.

A medical examiner presented evidence at trial that AAW and ANW had vaginal injuries consistent with sexual abuse. In addition, both victims made statements to investigators and testified at trial that White had inappropriately touched their "privates" with his hand and had engaged in sexual intercourse with them on numerous occasions. *Id.* In affirming the trial court's exclusion of evidence pursuant to the rape-shield statute, we found that none of the alleged prior sexual acts closely resembled allegations that White had engaged in sexual intercourse with his two daughters. We concluded that White's claim that the alleged prior acts support his defense was meritless in light of the fact that the rape of the two victims by White took place from 1999 through 2002, and "these allegedly prior acts were not prior to his rape offenses toward these girls." *Id.* at 602, 242 S.W.3d at 247.

White then filed a timely petition pursuant to Arkansas Rule of Criminal Procedure 37.1 and again challenged the trial court's exclusion of evidence of the victims' alleged prior sexual conduct under the rape-shield statute and argued that the exclusion of this evidence deprived him of a defense. We concluded that White's claim constituted a direct attack on the judgment and was not cognizable in postconviction proceedings. *White v. State*, CR-07-1340 (Ark. Dec. 4, 2008) (unpublished per curiam). White further alleged that trial counsel was ineffective for failing to move for dismissal based on the destruction of a tape-recorded interview with one of the victims, which contained an allegation of sexual abuse by a person other than White. *Id.* at 10. We found that the videotape at issue did not contain either admissible or exculpatory information, and White's argument amounted to an indirect effort to extract reconsideration of White's rape-shield motions that had been denied by the trial court and affirmed by this court on appeal. *Id.* at 11.

White, with the aid of counsel, subsequently filed a petition to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis in December 2019, based on affidavits executed by AAW and ANW that recanted their trial testimony. This court denied the petition by per curiam order on February 6, 2020. Attached to White's pro se second petition for coram nobis relief are the two affidavits previously executed by AAW and ANW.

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on

appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

While allegations of a *Brady* violation fall within one of the four categories of fundamental error that this court has recognized in coram nobis proceedings, the fact that a

4

petitioner alleges a *Brady* violation alone is not a sufficient basis for error coram nobis relief. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. To merit relief on a claim of a *Brady* violation, a petitioner must demonstrate that there is a reasonable probability that the judgment of conviction would not have been rendered or would have been prevented had the information been disclosed at trial. *Id.* There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. *Id.*

III. *Claims for Relief*

In addition to raising *Brady* claims, White's petition for coram nobis relief generally recounts the events that led to his rape conviction in an attempt to establish that evidence supporting his conviction was insufficient. White further contends that the trial court's evidentiary rulings prevented him from presenting a defense and deprived him of a fair trial. These claims for relief appear to be a reassertion of arguments made and rejected both at trial and on direct appeal.

In his petition for coram nobis relief, White claims that the State withheld evidence by invoking the rape-shield statute to exclude evidence from records kept by the Arkansas Department of Human Services (DHS) as well as testimony from Arkansas State Police

investigators and the foster parents of AAW and ANW. White claims that this evidence was crucial to his defense as it established that the victims had been sexually abused by others while in the custody of DHS and under the care of various foster parents. This evidence was excluded by the trial court pursuant to the rape-shield statute. White also contends that the trial court's exclusion of a defense expert's testimony was erroneous and violated his right to due process and a fair trial. The trial court's rulings on these evidentiary issues were affirmed on appeal. *White*, 367 Ark. 595, 242 S.W.3d 240. The writ is only granted to correct some error of fact, and it does not lie to correct trial error or to contradict any fact already adjudicated. *Hunt v. State*, 2019 Ark. 299, 586 S.W.3d 599. Assertions of trial error that were raised at trial, or which could have been raised at trial, are not within the purview of a coram nobis proceeding. *Williams v. State*, 2019 Ark. 173.

White further challenges the sufficiency of the evidence supporting his conviction, contending that the State failed to prove beyond a reasonable doubt the essential elements of the crimes for which he was convicted. White has also attached to his petition affidavits executed by AAW and ANW stating that their testimony against White was false.[1] Claims of insufficient evidence and alleged false testimony at trial do not support the writ. *Id.* White is attempting to relitigate the sufficiency of the evidence supporting his convictions as well as the evidentiary rulings made by the trial court and affirmed on appeal by this court. A coram

---

[1]We have explained that recanted testimony, standing alone, is not cognizable in an error coram nobis proceeding. *Foreman v. State*, 2018 Ark. 330.

nobis proceeding is not a forum for the petitioner to relitigate issues settled on appeal. *Henington v. State*, 2017 Ark. 111, 515 S.W.3d 577 (per curiam).

In support of his *Brady* claims, White alleges certain taped interviews with ANW were destroyed by investigators with the Arkansas State Police. Specifically, taped interviews of ANW conducted and participated in by Katie Friesen, Amber Collins, and Brandy Bruce regarding allegations of sexual abuse by other children. As stated above, the fact that a petitioner alleges a *Brady* violation is not, in itself, sufficient to provide a basis for the writ. *Jackson*, 2017 Ark. 195, 520 S.W.3d 242.

A review of the record on appeal reveals that Friesen, Collins, and Bruce testified during pretrial hearings conducted pursuant to the rape-shield statute.[2] Friesen, who at the relevant time was employed by the Children's Advocacy Center, testified that in August 2003, ANW disclosed to Friesen that she had been sexually abused by her stepbrother, Jess. According to Friesen, ANW revealed that Jess had forced her to perform oral sex when ANW was four years old and living with her father. Collins, who was with the Arkansas State Police, was present during Friesen's interview with ANW. Both witnesses testified that a tape was made of the interview but was later destroyed because ANW's allegations were found to be unsubstantiated.

---

[2]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

During a supplemental rape-shield hearing, Bruce testified that as an Arkansas State Police investigator, she interviewed ANW on two occasions in January and February 2003, wherein ANW disclosed that another boy in foster care had sexually abused her. Bruce stated that these allegations were also unsubstantiated, and the tapes were destroyed. The destruction of ANW's taped interviews was known to the defense at the time of trial, and Friesen, Collins, and Bruce testified under oath and described the content of ANW's taped statements. Claims that a petitioner knew of or could have known of at the time of trial do not provide grounds for issuance of the writ of error coram nobis. *Ashley v. State*, 2021 Ark. 89.

White makes conclusory allegations that these taped interviews contained exculpatory evidence that had not otherwise been revealed by the testimony of Friesen, Collins, and Bruce. However, White fails to describe such evidence or to demonstrate that the taped interviews included evidence that had not already been disclosed by the testimony of those who interviewed, or participated in taking the statements from, ANW. *See Everett v. State*, 2021 Ark. 113 (A petitioner has the burden to disclose what material evidence establishing his innocence was withheld from the defense.). In any event, the trial court found that the testimony and evidence of other instances of sexual abuse presented during the rape-shield hearings was irrelevant and inadmissible and would not have established White's innocence.

White alleges additional *Brady* violations with respect to "investigative" reports withheld from the defense by the Arkansas State Police and DHS. White's *Brady* claims are entirely conclusory in that White fails to specifically identify which police and DHS records

8

were available to the State and withheld from the defense at the time of trial, and White fails to reveal how these allegedly withheld investigative reports were exculpatory. The burden is on the petitioner seeking a writ of error coram nobis to make a full disclosure of specific facts that substantiate the merit of a *Brady* claim. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. Because White did not identify the alleged investigative reports that had been withheld or describe what material evidence establishing his innocence was contained in these reports, he fails to meet the burden of making a full disclosure of the facts supporting his *Brady* claim. *Id*. White does not establish that there was any evidence extrinsic to the record that the State withheld from the defense or that was unknown at the time of trial; therefore, his *Brady* claims do not merit coram nobis relief. *Von Holt v. State*, 2020 Ark. 205, 600 S.W.3d 103.

Petition denied.

*Christopher N. White*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for respondent.