Cite as 2022 Ark. 49

# SUPREME COURT OF ARKANSAS
No. CR-20-590

| | | |
|---|---|---|
| GARY BROWN | | **Opinion Delivered:** March 3, 2022 |
| | PETITIONER | |
| V. | | PRO SE PETITION TO REINVEST |
| | | JURISDICTION IN THE TRIAL |
| STATE OF ARKANSAS | | COURT TO CONSIDER A PETITION |
| | RESPONDENT | FOR WRIT OF ERROR CORAM |
| | | NOBIS |
| | | [PULASKI COUNTY CIRCUIT |
| | | COURT, FOURTH DIVISION, NO. |
| | | 60CR-19-3302] |
| | | |
| | | PETITION DENIED. |

**COURTNEY RAE HUDSON, Associate Justice**

Petitioner Gary Brown brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis. In the petition, Brown alleges unspecified prosecutorial misconduct and trial court error, that evidence was withheld, and that his sentence was excessive. He also challenges the sufficiency of the evidence. Because Brown failed to establish sufficient grounds for issuance of the writ, the petition is denied.

A Pulaski County jury found Brown guilty of theft by receiving and fleeing, and he was sentenced as a habitual offender to an aggregate term of 420 months', or thirty-five years', imprisonment. His sole argument on appeal was that the trial court erred in permitting him to represent himself at trial because he did not knowingly and intelligently waive his right to counsel. The Arkansas Court of Appeals affirmed. *Brown v. State*, 2021 Ark. App. 369.

The evidence adduced at trial demonstrated that in June 2019, Brown stole a courtesy van from the Guest Inn and Suites in Little Rock. *Id.* The hotel's general manager noticed the van was missing and checked the hotel's surveillance video, which showed Brown taking the keys from the hotel counter, getting into the van, and driving away with it. *Id.* The police were called, and several days later, a police officer saw Brown in the stolen van and attempted to stop him. *Id.* Brown fled and eventually wrecked the van and was arrested. *Id.*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition had it been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. Petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found

most commonly in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

In his petition, Brown raised the following claims for coram nobis relief: (1) the prosecutor acted inappropriately and did not adhere to his obligations as outlined by the Arkansas Rules of Criminal Procedure and the Arkansas Rules of Evidence; (2) appellate counsel was ineffective; (3) the trial court allowed copies of Brown's credit cards and an identification card to be admitted at trial despite the fact that the originals had been lost; (4) the trial court allowed the introduction of an altered videotape that contained unspecified exculpatory evidence; (5) the arresting officer was not called to testify; (6) the grand-jury minutes were not made available to the defense; (7) Brown's identification by a hotel employee was improper; and (8) his sentence was excessive.

Brown's claims regarding the validity of the evidence and testimony introduced at trial are challenges to the sufficiency of the evidence and, as such, are not cognizable in coram nobis proceedings. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634. Allegations that the evidence presented at trial was not sufficient to support a finding of guilt are issues to be addressed at trial and, when appropriate, on the record on direct appeal. *Id*. Likewise, assertions of trial error that could have been raised at trial are not within the scope of the

3

limited grounds on which the writ may issue, and a coram nobis action does not provide the petitioner with a means to retry his case. *Id.* Brown's claim that he was denied effective assistance of counsel on appeal does not demonstrate a fundamental error of fact extrinsic to the record that warrants issuance of the writ. *McKinney v. State*, 2021 Ark. 210. Coram nobis is not the proper remedy to challenge an allegedly illegal sentence, and Brown's claim that his sentence was excessive fails. *Key v. State*, 2019 Ark. 202, 575 S.W.3d 554. Brown's allegations of prosecutorial misconduct are conclusory, could have been raised during trial, and do not fall within the purview of coram nobis proceedings. *King v. State*, 2021 Ark. 84. Finally, Brown's direct-appeal record reveals[1] that Brown was indicted by information, not by a grand jury, and there were no "grand jury minutes" that the defense would have been entitled to receive.

Brown's claim--that the video introduced at trial was altered to conceal exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963)--fails to state sufficient facts that would merit relief. While allegations of a *Brady* violation fall within one of the categories of fundamental error recognized by this court in coram nobis proceedings, a petitioner's allegation of a *Brady* violation, alone, is not a sufficient basis for error coram nobis relief. *White v. State*, 2021 Ark. 198, 632 S.W.3d 306. To merit relief on a *Brady*-violation claim, a petitioner must demonstrate that there is a reasonable probability that the judgment of

---

[1]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

4

conviction would not have been rendered or would have been prevented had the information been disclosed at trial. *Id.* Furthermore, before the court can determine whether a *Brady* violation has occurred, the petitioner must first establish that the material was available to the State prior to trial and that the defense did not have it. *Carner*, 2018 Ark. 20, 535 S.W.3d 634. Brown's allegations in this regard are conclusory, and he fails to describe the evidence that was allegedly excluded from the video; fails to establish that the evidence was exculpatory; and fails to show that the State had access to the evidence, and the defense did not have it. In view of the above, Brown has failed to demonstrate a fundamental error of fact extrinsic to the record that was unknown at the time of trial and that would have prevented rendition of the judgment of conviction. *Roberts*, 2013 Ark. 56, 425 S.W.3d 771.

Petition denied.

*Gary L. Brown*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.