Cite as 2022 Ark. 51

# SUPREME COURT OF ARKANSAS
No. CR-07-1080

| | |
|---|---|
| DEANDRA STEPHENSON<br>                                   PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br>                                RESPONDENT | Opinion Delivered: March 3, 2022<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; MOTION TO AMEND PETITION TO REINVEST JURISDICTION; MOTION FOR APPOINTMENT OF COUNSEL [PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION, NO. 60CR-06-3914]<br><br><u>PETITION DENIED AND MOTION TO AMEND PETITION TREATED AS AN AMENDED PETITION AND DENIED; MOTION FOR APPOINTMENT OF COUNSEL MOOT.</u> |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Deandra Stephenson was convicted of two counts of capital murder and one count of a terroristic act for which he was sentenced to consecutive terms of life imprisonment and 540 months' imprisonment, respectively. Stephenson appealed his convictions and sentences, and we affirmed. *Stephenson v. State*, 373 Ark. 134, 282 S.W.3d 772 (2008). Stephenson brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis in which he contends evidence was withheld by the State in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the trial

court abused its discretion by failing to grant trial counsel's motion for a continuance and by permitting the admission of hearsay statements in violation of his right to confront the witness. Stephenson subsequently filed two motions in this court: a motion to amend the petition to reinvest jurisdiction and a motion for appointment of counsel. We treat the motion to amend as an amended petition. In his amended grounds, Stephenson contends that trial counsel was ineffective and that the trial court improperly limited his cross-examination of an accomplice, Norman Dednam. Because none of Stephenson's claims establish a ground for the writ, the petition and amended petition are denied. Stephenson's motion for appointment of counsel is moot.

## I. *Background*

In 2006, Lademon Taylor, Christopher Taylor, and Leslie Harper were shopping in McCain Mall in North Little Rock, Arkansas. Harper, who had left the other two, bumped into Rashon McKinney, and the two had a brief conversation. Harper then met back up with Lademon and Christopher, and they left the mall. As soon as they sat down in their vehicle, multiple shots were fired into the car hitting all three occupants. The shooter then jumped into the passenger seat of another car and drove away. Lademon and Christopher died inside the car, but Harper managed to get out of the car and seek help.

Stephenson was charged with two counts of capital murder and one count of a terroristic act. At his trial, multiple witnesses were called by the State, including Stephenson's accomplices, Dednam and McKinney. Dednam testified that he was driving through the mall parking lot when Stephenson told him to stop the car. Stephenson exited the car and

2

began shooting at the victims' car. McKinney testified that after he ran into Harper, he called Stephenson and told him that Lademon, Christopher, and Harper were at the mall.

## II. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771. We are not required to accept at face value the allegations in a petition for writ of error coram nobis. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242.

## III. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a

3

third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

IV. *Claims for Issuance of the Writ*

A. *Brady* Violation

While a *Brady* violation comes within the purview of coram nobis relief, the fact that a petitioner alleges a *Brady* violation is not, in itself, sufficient to provide a basis for the writ. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767. It is a violation of *Brady* and a ground for the writ if the defense was prejudiced because the State wrongfully withheld evidence from the defense prior to trial. *Mosley v. State*, 2018 Ark. 152, 544 S.W.3d 55. The United States Supreme Court held in *Brady* that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

Stephenson contends that the State failed to disclose the following evidence prior to trial: "contemporaneous eyewitness statements taken by the police following the murder[,]" various statements to the police by persons never called to testify, and various written character-witness documents. Specifically, Stephenson contends that various character-witness statements were submitted and in the prosecutor's file but were not introduced at

4

trial and that the character statements support his argument that "he is innocent." Stephenson's claim that the character-witness statements were withheld by the State in violation of *Brady* are belied by the record on direct appeal.[1] Contrary to Stephenson's contentions, the statements were clearly not withheld and are not extrinsic to the record. Moreover, Stephenson's claim that the character-witness statements would support his innocence claims is nothing more than a challenge to the sufficiency of the evidence. Attacks on the sufficiency of the evidence constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Jones v. State*, 2019 Ark. 300, 585 S.W.3d 677. Allegations that the evidence presented at trial was not sufficient to support a finding of the defendant's guilt are addressed at trial and, when appropriate, on the record on direct appeal. *Id.*

Stephenson further argues that after he had made a request for information, the prosecutor provided him with the redacted witness statements of Phillip Vasquez and Jason Lytle, who both witnessed the shooting. He contends that the redacted statements could have been exculpatory at the time of trial and were not disclosed to the defense. Without divulging the nature of what Vasquez or Lytle would have stated at trial, Stephenson claims that their redacted statements—presumably the newly discovered evidence that Stephenson contends he now has—could have directly contradicted the testimony of the accomplices,

---

[1]This court may take judicial notice in postconviction proceedings of the record on direct appeal without need to supplement the record. *Williams v. State*, 2019 Ark. 289, 586 S.W.3d 148.

Dednam and McKinney, because their trial testimony and pretrial statements allegedly differed. Stephenson's claims are too vague and conclusory and lack the requisite factual support, and conclusory claims are not a ground for the writ. *Alexander v. State*, 2019 Ark. 171, 575 S.W.3d 401. Although Stephenson provides a witness list containing redacted information concerning all the named witnesses, he does not indicate what testimony would have been offered by Vasquez or Lytle, nor does he provide any evidence that exculpatory, material statements were made by the two witnesses and withheld—only that he wished to use their statements to impeach the testimony of his two accomplices. This court is not required to take a petitioner's claim of a *Brady* violation at face value without substantiation. *Thacker v. State*, 2016 Ark. 350, 500 S.W.3d 736. When a petitioner alleges a *Brady* violation as the basis for a claim of relief in coram nobis proceedings, the facts alleged in the petition must establish that evidence was withheld that was both material and prejudicial such as to have prevented rendition of the judgment had it been known at the time of trial. *Jones v. State*, 2017 Ark. 334, 531 S.W.3d 384. Stephenson has failed to make that showing.

## B. Continuance

Stephenson argues that he was prejudiced when the trial court refused to grant trial counsel's motion for a continuance. The writ is only granted to correct some error of fact, and it does not lie to correct trial error. *White v. State*, 2021 Ark. 198, 632 S.W.3d 306. Assertions of trial error that were raised at trial, or that could have been raised at trial, are not within the purview of a coram nobis proceeding. *Id.*

## C. Right to Confront Witness

6

Stephenson argues that the trial court erred by violating his right to confront a witness when improper hearsay statements were admitted. Specifically, Stephenson argues that trial counsel objected to the admission of hearsay statements made by Ernest Harper,[2] who was not present to testify at trial, and that the trial court abused its discretion by allowing the admission of the statements that prejudiced Stephenson. Notwithstanding that the relevant statements were admitted by the defense, a right-to-confront claim is not cognizable in a coram nobis proceeding because it does not allege insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal. *Scott v. State*, 2017 Ark. 199, 520 S.W.3d 262.

In his amended petition, Stephenson raises an additional right-to-confront claim in which he argues that the trial court denied his Sixth Amendment right to confront by limiting his cross-examination of Dednam during trial. Trial counsel asked Dednam whether he was testifying against the advice of his counsel and what Dednam's counsel thought about the matter, at which time a hearsay objection was raised by the State. The objection was sustained, and Stephenson contends that the trial court's ruling prevented his cross-examination of Dednam to show bias. As previously discussed, a right-to-confront claim does not encapsulate any of the four categories on which coram nobis relief may be based.

---

[2] The direct-appeal record indicates that the State objected during the defense's opening statement, stating that "Ernest Harper is not here . . . don't think hearsay is admissible." After a colloquy, the trial court overruled the objection, and the defense proceeded with its opening statement.

*Scott*, 2017 Ark. 199, 520 S.W.3d 262. Moreover, to the extent Stephenson's claim of witness bias is an attack on the credibility of the witness, claims that attack the sufficiency of the evidence or the credibility of witnesses constitute a direct attack on the judgment and are not within the purview of a coram nobis proceeding. *Swanigan v. State*, 2019 Ark. 294, 586 S.W.3d 137.

### D. Ineffective Assistance of Counsel

In the amended petition, Stephenson also raises claims regarding the ineffectiveness of trial counsel—primarily that trial counsel was not adequately prepared for trial and did not engage in adequate client consultation, which precluded the jury from independently judging the merits of the case. Allegations of ineffective assistance of counsel do not support issuance of the writ. *Henington v. State*, 2020 Ark. 11, 590 S.W.3d 736. Coram nobis proceedings are not to be used as a substitute for timely raising claims of ineffective assistance of counsel under our postconviction rule, Arkansas Rule of Criminal Procedure 37.1. *Id.*

Petition denied and motion to amend petition treated as an amended petition and denied; motion for appointment of counsel moot.

*Deandra Stephenson*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for respondent.