Cite as 2022 Ark. 123

# SUPREME COURT OF ARKANSAS

No. CR-12-986

| | | |
|---|---|---|
| PATRICK EUGENE DOBBINS | | **Opinion Delivered:** June 2, 2022 |
| | PETITIONER | PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS, FOR WRIT OF HABEAS CORPUS, AND TO CORRECT AN ILLEGAL SENTENCE [PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION, NO. 60CR-12-858] |
| V. | | |
| STATE OF ARKANSAS | RESPONDENT | |
| | | PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Patrick Eugene Dobbins brings this pro se petition to reinvest jurisdiction in the trial court to consider a petition for writ of error coram nobis, for issuance of a writ of habeas corpus, and to correct an illegal sentence. He asks for "joinder" of his claims, apparently to encompass all three remedies. Dobbins contends that (1) there was insufficient evidence to sustain the judgment of conviction, and he is actually innocent; (2) he was not afforded effective assistance of counsel; (3) the trial court made evidentiary errors and failed to assess the evidence in a light favorable to him; and (4) he was arrested illegally. Because Dobbins fails to raise cognizable grounds for coram nobis relief, did not proceed with due diligence,

and has failed to file his request for issuance of a writ of habeas corpus and to file his claims of an illegal sentence in the appropriate circuit courts, we deny his petition.

## I. *Background*

In 2012, Dobbins was found guilty in a bench trial of aggravated robbery and aggravated residential burglary. At trial, Contonia Gray testified that Dobbins kicked in the door to her residence between 1:30 and 2:30 a.m. on February 4, 2012. She said that Dobbins, who had his hand in a paper bag pointed at her stomach, demanded that she give him her money or he would kill her. Gray testified that she believed Dobbins was armed and that she began to scuffle with him while trying to call the police. During the scuffle, the paper bag fell off Dobbins's hand, revealing that he had no weapon. Dobbins testified that he had gone to the house looking for Gray's husband. He denied that he had fought with Gray, that he had tried to rob her, or that he had a paper bag with him. The trial court found Dobbins guilty and imposed sentences of 360 months' imprisonment for each offense to be served concurrently. On direct appeal, Dobbins argued that the evidence was not sufficient to prove that he was armed with a deadly weapon or had represented by word or conduct that he was so armed. The court of appeals affirmed. *Dobbins v. State*, 2013 Ark. App. 269.

## II. *Writ of Error Coram Nobis*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397,

2

17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Pitts v. State*, 336 Ark. 580, 986 S.W.2d 407 (1999). A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38. The burden is on the petitioner in the application for coram nobis relief to make a full disclosure of specific facts relied upon and not to merely state conclusions as to the nature of such facts. *McCullough v. State*, 2017 Ark. 292, 528 S.W.3d 833.

III. *Claims for Issuance of a Writ of Error Coram Nobis*

A. Sufficiency of the Evidence and Actual Innocence

As grounds for a writ of error coram nobis, Dobbins asserts that (1) the State failed to prove that there was "physical impact" between him and Gray, (2) the State failed to prove

Gray had any visible injuries or that he made any threats to her, and (3) the State failed to satisfy the elements of the offenses of aggravated robbery and aggravated residential burglary. He further contends that Gray's testimony was not corroborated and not credible and that if the trial court had heard the correct facts, it would not have found him guilty.

Dobbins's claim of insufficient evidence to support the judgment is not cognizable in a coram nobis proceeding. *Hall v. State*, 2018 Ark. 377, 562 S.W.3d 829. Allegations that the evidence in a criminal trial was not sufficient to support a finding of guilt are to be addressed and settled at trial and on the record on direct appeal. *Id.*, 562 S.W.3d 829. Such claims are not within the purview of a coram nobis action. *Brown v. State*, 2022 Ark. 49, 639 S.W.3d 875. His assertion that the victim was not a credible witness is also not a ground for the writ. *Williams v. State*, 2022 Ark. 9, 636 S.W.3d 775 (holding that claims that attack the credibility of witnesses are direct attacks on the judgment and are not cognizable in a coram nobis proceeding).

Likewise, Dobbins's assertion that he is actually innocent rests entirely on his claim that the evidence adduced at trial was not strong enough to establish his guilt; as such, it is not a ground for the writ. *Jones v. State*, 2019 Ark. 300, 585 S.W.3d 677; *see also Stephenson v. State*, 2022 Ark. 51, 639 S.W.3d 858 (The petitioner's meritless allegations that he was innocent on the ground that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), were a clear attack on the sufficiency of the evidence adduced at trial and not a ground for the writ.). Moreover, Dobbins's assertion of actual innocence does not fall into one of the categories recognized for coram nobis relief. *Id.*, 639 S.W.3d 858.

## B. Ineffective Assistance of Counsel

Dobbins contends that his trial attorney failed to present all the facts to the court to establish his innocence and was not interested in being an advocate for him. Such claims pertaining to whether trial or appellate counsel afforded the petitioner the effective assistance of counsel guaranteed by the Sixth Amendment of the United States Constitution are outside the scope of a coram nobis proceeding. *Carroll v. State*, 2022 Ark. 6, 636 S.W.3d 761. A petition for the writ is not a substitute for timely raising claims of ineffective assistance of counsel under Arkansas Rule of Criminal Procedure 37.1, which is this state's remedy to address such allegations. *Chunestudy v. State*, 2021 Ark. 205, 633 S.W.3d 324.

## C. Trial Error

Dobbins contends that the trial court was never given the "full meaning" of the rule of law and made grave errors such that he was unable to prove his innocence to the court. This claim is essentially another challenge to the sufficiency of the evidence because Dobbins does not identify any specific errors beyond contending that the trial court did not correctly assess the evidence. In any event, a writ of error coram nobis is granted only to correct some error of fact, not to correct trial error or to contradict any fact already adjudicated at the trial or on direct appeal. *See White v. State*, 2021 Ark. 198, 632 S.W.3d 306.

## D. Legality of Arrest

Dobbins states that no weapon was found when he was arrested and that he was arrested without probable cause and convicted on the victim's testimony alone. To the extent that the issue of Dobbins's arrest is an attack on the legality of his arrest, he has not stated a

ground for the writ. Any claim that a petitioner could have known, or knew, at the time of trial concerning an arrest does not provide a ground for issuance of the writ. *Williams*, 2022 Ark. 9, 636 S.W.3d 775. Furthermore, an illegal arrest, without more, has never been viewed as a bar to a subsequent prosecution or an absolute argument against a valid conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994). An invalid arrest may call for the suppression of a confession or other evidence, but it does not entitle a defendant to be discharged from responsibility for the offense. *Id.* The trial court's jurisdiction to try an accused does not depend on the validity of the arrest of the accused, and an illegal arrest, standing alone, does not vitiate a valid judgment of conviction. *Chestang v. State*, 2015 Ark. 372 (per curiam).

E. Due Diligence in Bringing Claims for a Writ of Error Coram Nobis

Dobbins was convicted in 2012, and the judgment was affirmed in 2013, meaning that he did not raise his claims for a writ of error coram nobis until approximately ten years after he was convicted. This court has held that in the absence of a valid excuse for the delay in bringing a coram nobis petition, the petition can be denied on that basis alone. *Wooten v. State*, 2020 Ark. 305, 608 S.W.3d 565.

Due diligence in seeking coram nobis relief requires that (1) the defendant be unaware of the pertinent fact at the time of trial; (2) the defendant could not have, in the exercise of due diligence, presented the fact at trial; and (3) upon discovering the fact, the defendant did not delay bringing the petition. *Malone v. State*, 2019 Ark. 273, 584 S.W.3d 676. Here, Dobbins has not alleged any fact that was not known at the time of his trial and

6

that, as a result, could not have been raised here in an earlier petition, and he offers no cause for the lengthy delay in bringing his petition. He has not proceeded with due diligence in bringing his claims.

IV. *Claims for Issuance of a Writ of Habeas Corpus*

Dobbins's request that this court issue a writ of habeas corpus is based on the same allegations he raised for coram nobis relief. This court's long-standing policy has been to require incarcerated petitioners to address their habeas petitions to the circuit court in the county where they are incarcerated if the petition is filed under Arkansas Code Annotated section 16-112-102(a)(1) (Repl. 2016). *McFerrin v. State*, 2022 Ark. 22, 638 S.W.3d 4. A petition for writ of habeas corpus filed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2016), must be filed in the circuit court where the judgment of conviction was entered. *Makkali v. State*, 2022 Ark. 24, 638 S.W.3d 280. The appropriate circuit court is in a position to immediately hold any hearing that is necessary to determine any material facts in issue. *Mitchael v. State*, 2020 Ark. 336. Consequently, any grounds for the writ that Dobbins desires to advance must first be raised in a petition for writ of habeas corpus in the appropriate circuit court.

V. *Claims of an Illegal Sentence*

Dobbins alleges that his sentence was illegal because the trial court did not properly assess the evidence that the victim had been subjected to "physical bodily impact," the State failed to give all the facts of incident to the court, and the court was not given the full meaning of the rule of law. If there are grounds for holding that a sentence imposed was an

7

illegal sentence, the petitioner must file the petition to correct an illegal sentence in the trial court in accordance with Arkansas Code Annotated section 16-90-111(a), which provides in pertinent part that a trial court may correct an illegal sentence at any time. *Green v. State*, 2017 Ark. 361, 533 S.W.3d 81 (holding that the statute allows the trial court to correct an illegal sentence at any time because the claim that a sentence is illegal presents an issue of subject-matter jurisdiction).

Petition denied.

*Patrick E. Dobbins*, pro se petitioner.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for respondent.