Cite as 2023 Ark. 80

# SUPREME COURT OF ARKANSAS
**No.** CV-22-726

| | | |
|---|---|---|
| GARY S. CRAWFORD | | **Opinion Delivered:** May 11, 2023 |
| | APPELLANT | PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT |
| V. | | [NO. 40CV-22-93] |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | HONORABLE JODI RAINES DENNIS, JUDGE |
| | APPELLEE | <u>AFFIRMED</u>. |

**RHONDA K. WOOD, Associate Justice**

Gary S. Crawford, an inmate, appeals the dismissal of his petition for writ of habeas corpus. His writ petition primarily asserted trial errors stemming from charges against him for multiple crimes in two separate cases. He contends that the State mistakenly arrested, arraigned, and appointed him counsel twice in one of these cases but never provided him these rights in the second case. The second case, Crawford claims, resulted in his conviction for rape and kidnapping and a sentence of 336 months' imprisonment. The circuit court concluded that Crawford had failed to state a ground for the writ. We find no error and affirm.

In 2004, Crawford was convicted of rape and kidnapping, and he was sentenced to an aggregate term of 336 months' imprisonment. The court of appeals affirmed his direct appeal, and we affirmed the denial of postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1. *See Crawford v. State*, CR-04-1397 (Ark. App. Sept. 21, 2005)

(unpublished); *Crawford v. State*, CR–07–1051 (Ark. Oct. 2, 2008) (per curiam). In 2022, Crawford petitioned for writ of habeas corpus in the circuit court. The circuit court dismissed Crawford's petition. We now consider whether the dismissal was clearly erroneous.

Crawford did not proceed under Act 1780 of 2001. Therefore, to succeed on his writ of habeas corpus, he had to plead that either the judgment is facially invalid or the circuit court lacked jurisdiction. *Finney v. Kelley*, 2020 Ark. 145, at 3, 598 S.W.3d 26, 28. He also had to show probable cause, by affidavit or other evidence, that he is being illegally detained. *Id.* (citing Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016)). Unless a petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, the writ of habeas corpus should not be issued. *Id.*

Crawford does not argue that the judgment reflecting his conviction for rape and kidnapping is invalid on its face. In fact, as the circuit court noted, he fails to include the judgment and conviction order in his pleadings. Instead, he alleges error in the charging and trial court process. The result, according to Crawford, is that he was never properly arraigned, appointed counsel, or served with an arrest warrant for the rape and kidnapping charges. But these claims of trial error do not implicate the facial validity of the judgment or the trial court's jurisdiction. *Wade v. Payne*, 2021 Ark. 116, 623 S.W.3d 568. Therefore, the circuit court did not err in dismissing his petition for writ of habeas corpus.

Crawford also makes a claim about the sufficiency of the DNA evidence. This also is a trial-error claim that he needed to raise at trial and on direct appeal. *Dobbins v. State*, 2022 Ark. 123, 644 S.W.3d 419. Although he tries to mold the sufficiency-of-evidence

2

argument into an actual-innocence claim, it is not the type that we recognize in habeas proceedings. *Clay v. Kelley*, 2017 Ark. 294, 528 S.W.3d 836. Habeas actions do not give a petitioner a chance to retry his case. *Id.*

Finally, Crawford's allegations of ineffective assistance of counsel are also outside the writ of habeas corpus. His arguments involving the adequacy of his counsel should have been raised in his Rule 37.1 petition. *Gardner v. Kelley*, 2018 Ark. 300; *see also State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. A habeas proceeding is not a second opportunity to argue these issues either. *See Gardner*, 2018 Ark. 300. We therefore affirm the circuit court's dismissal of Crawford's petition for writ of habeas corpus.

Affirmed.

*Gary Crawford*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.