Cite as 2024 Ark. 60
# SUPREME COURT OF ARKANSAS
No. CR–22–450

| | |
|---|---|
| JOHN PATRICK CULLEN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 18, 2024<br><br>PRO SE APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT<br>[NO. 26CR–18–246]<br><br>HONORABLE RALPH C. OHM, JUDGE<br><br>AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant John Patrick Cullen appeals from the Garland County Circuit Court's order denying his petitions for leave to proceed in forma pauperis, writ of error coram nobis, and writ of habeas corpus. For reversal, Cullen argues that the circuit court erred in refusing to grant the petitions for writ of error coram nobis and writ of habeas corpus.[1] We affirm.

## I. *Facts*

In 2018, Cullen pleaded nolo contendere to second-degree sexual assault of Kathi Brinkley. In exchange for Cullen's plea, the State dismissed a harassment charge of the second victim, Kati Knight, and did not pursue an enhanced sentence based on Cullen's habitual-offender status that included more than four prior felony convictions. The Garland County Circuit Court sentenced Cullen to seventy-two months' imprisonment. Cullen did not appeal his conviction or his sentence.

---

[1]On appeal, Cullen does not challenge the circuit court's denial of his petition for leave to proceed in forma pauperis.

On December 13, 2021, Cullen filed a petition for writ of error coram nobis in the Garland County Circuit Court where he was convicted. Subsequently, on January 27, 2022, he filed his first petition for writ of habeas corpus pursuant to Arkansas Code Annotated sections 16-112-201 through -208 (Repl. 2016). In his habeas petition, Cullen alleged that he was innocent based on the discovery of "new evidence." This new evidence consisted of Brinkley's statements to investigators that allegedly contained factual errors and Knight's admission that she did not witness the sexual assault of Brinkley. Cullen contended that Brinkley's inconsistent statements to investigating officers, along with Knight's admission, established his innocence. On February 28, 2022, Cullen filed a second habeas petition pursuant to sections 16-112-101 to -123 (Repl. 2016). In the second petition, Cullen contended entitlement to the writ because the affidavit that supported probable cause for his arrest contained fabrications created by his accuser, Brinkley.

On March 7, 2022, the circuit court entered an order finding that Cullen had failed "to state a cause of action upon which this relief could be granted" and had failed "to assert any grounds for which he could successfully pursue these claims." Because Cullen had failed to state cognizable grounds for the issuance of either writ, the circuit court denied the petitions. On appeal, Cullen contends that the circuit court erred in denying his petitions for writ of error coram nobis and habeas corpus.

II. *Writ of Error Coram Nobis*

Our standard of review of an order entered by the circuit court granting or denying a petition for writ of error coram nobis is whether the circuit court abused its discretion. *Strawhacker v. State*, 2022 Ark. 134, at 7, 645 S.W.3d 326, 332. An abuse of discretion occurs when the court acts arbitrarily or groundlessly. *Id.*, 645 S.W.3d at 332. The circuit court's

2

findings of fact on which it bases its decision to grant or deny the petition for writ of error coram nobis will not be reversed on appeal unless they are clearly erroneous or clearly against the preponderance of the evidence. *Id.*, 645 S.W.3d at 332. There is no abuse of discretion in the denial of error coram nobis relief when the claims in the petition are groundless. *Id.*, 645 S.W.3d at 332.

In coram nobis proceedings, there is a strong presumption that the conviction is valid. *Bragg v. State*, 2023 Ark. 66, at 10, 663 S.W.3d 375, 382. The petitioner bears the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*, 663 S.W.3d at 382. A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*, 663 S.W.3d at 382.

A claim of actual innocence is a direct attack on the judgment and is not cognizable in proceedings for a writ of error coram nobis. *Alexander v. State*, 2019 Ark. 171, at 6, 575 S.W.3d 401, 406. Assertions that the victim was not a credible witness are also not grounds for the writ. *Dobbins v. State*, 2022 Ark. 123, at 4, 644 S.W.3d 419, 423. Such claims are not within the purview of a coram nobis action. *Id.*, 644 S.W.3d at 423.

We agree with the circuit court's ruling for the following reasons. First, in his petition for writ of error coram nobis, Cullen alleged that he was innocent on the basis of Knight's testimony in a federal bankruptcy hearing that she did not witness the sexual assault of Brinkley.[2]

---

[2]There is no evidence in the multiple documents attached to Cullen's petitions, including the statements of both Brinkley and Knight, that Knight had ever claimed to have witnessed the sexual assault of Brinkley.

According to Cullen, Knight's admission demonstrated that Brinkley had fabricated the sexual-assault accusation. On appeal, Cullen does not raise the issue of Knight's bankruptcy-hearing testimony wherein she admitted that she did not witness, or have knowledge of, Brinkley's sexual assault. We have held that arguments made to the circuit court but not included in the arguments on appeal are considered abandoned. *Sylvester v. State*, 2017 Ark. 309, at 2, 530 S.W.3d 346, 348.

Next, Cullen's claim of actual innocence is not cognizable under our current law, and the factual allegations with respect to Knight's admissions that were raised in his petition filed in the circuit court have been abandoned on appeal. Thus, we hold that the circuit court did not abuse its discretion in denying Cullen's petition for writ of error coram nobis. *See Nelson v. State*, 2014 Ark. 91, at 6, 431 S.W.3d 852, 856. Accordingly, we affirm the circuit court's denial of Cullen's petition for writ of error coram nobis.

### III. *Writ of Habeas Corpus*

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hogan v. Payne*, 2023 Ark. 99, at 4, 668 S.W.3d 466, 469. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*, 668 S.W.3d at 469.

Cullen's first petition for writ of habeas corpus was filed pursuant to Arkansas Code Annotated section 16-112-201, wherein Cullen claimed actual innocence based on documents in which false statements were allegedly made regarding the date the assault was reported and inconsistent statements concerning the circumstances surrounding the assault. Cullen again alleged that there were no witnesses to the assault, as established by Knight's testimony in

bankruptcy court. Cullen further alleged in a supplement to his initial habeas petition that the affidavit supporting his arrest warrant was invalid because it contained Brinkley's false and inconsistent statements to investigators. According to Cullen, the investigating officer failed to properly investigate the allegations of sexual assault, and the failure to conduct a thorough investigation violated his right to due process. On appeal, Cullen now makes the same contentions. However, as previously noted, Cullen has abandoned the allegation regarding Knight's admission that she did not witness the assault.

Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208, as amended by Act 2250 of 2005, provides that a writ of habeas corpus can issue on the basis of new scientific evidence proving a person actually innocent of the offense for which he was convicted. *Makkali v. State*, 2022 Ark. 24, at 2, 638 S.W.3d 280, 282. A petition for writ of habeas corpus alleging entitlement to new scientific testing must be addressed to the court that entered the conviction. *See* Ark. Code Ann. § 16-112-201(a); *see also Hill v. Kelley*, 2018 Ark. 118, at 4, 542 S.W.3d 852, 855. Cullen filed his first habeas petition in the proper court.

Although Cullen's notice of appeal does not clearly designate the circuit court's ruling on both habeas petitions, he argues on appeal that he is entitled to habeas relief based on a claim of actual innocence. To the extent that Cullen is challenging the denial of his petition filed pursuant to section 16-112-201, he does not specify any scientific evidence that would support his claim of innocence. When a petitioner fails to provide factual support for the claim that there is scientific evidence that bears on his case, he has failed to demonstrate that he is entitled to relief pursuant to section 16-112-201(a). *Marshall v. State*, 2017 Ark. 208, at 4, 521 S.W.3d 456, 459. If the petitioner does not state the specific scientific evidence to be tested, then his petition is wholly without merit under the statute. *Id.*, 521 S.W.3d at 459. While Cullen filed

5

his habeas petition alleging his innocence pursuant to section 16-112-201, we conclude that he has failed to state a colorable claim under the statute.

With respect to the second habeas petition, Cullen alleged in the trial court and on appeal that he is entitled to relief because the probable-cause affidavit supporting his arrest was false and defective. Cullen contends that his defective arrest warrant rendered his conviction invalid and that the failure to adequately investigate the alleged inconsistencies in Brinkley's statements violated his right to due process.

This court has stated that a petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the trial court's lack of jurisdiction and make a showing, by affidavit or other evidence, of probable cause to believe that he or she is being illegally detained. *Fuller/Akbar v. Payne*, 2021 Ark. 155, at 2, 628 S.W.3d 366, 368 (citing Ark. Code Ann. § 16-112-103(a)(1)). Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Id.*, 628 S.W.3d at 368. Finally, an invalid arrest warrant does not constitute grounds for habeas relief. *Grimes v. State*, 2018 Ark. 407, at 3–4, 562 S.W.3d 215, 217. Thus, because Cullen has not alleged that his sentence is illegal or that the trial court lacked subject-matter jurisdiction, we conclude that he has failed to state a colorable cause of action for habeas relief.

Further, Cullen's second habeas petition was not filed in the correct jurisdiction. Any petition for writ of habeas corpus to effect the release of a prisoner is properly addressed to the circuit court located in the county where the prisoner is held in custody. *Perry v. State*, 2018 Ark. 14, at 2, 535 S.W.3d 264, 265. Although a circuit court may have subject-matter jurisdiction to issue the writ, a court does not have personal jurisdiction to issue and make

6

returnable before itself a writ of habeas corpus to release a petitioner held in another county. *Id.*, 535 S.W.3d at 265. Arkansas Code Annotated section 16-112-105 requires that the writ be directed to the person in whose custody the petitioner is detained. *Id.*, 535 S.W.3d at 265. Here, Cullen is currently housed in the Grimes Unit of the Arkansas Division of Correction. The Grimes Unit is located in Jackson County. Cullen filed his second habeas petition in Garland County, which is where he was convicted. Therefore, we conclude that the circuit court did not have personal jurisdiction to issue a writ even if Cullen had stated a legitimate ground for relief. In sum, because Cullen has not clearly stated that he is appealing the circuit court's ruling on both habeas petitions, we affirm.

Affirmed.

WEBB, J., concurs.

*John P. Cullen*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.